Tbe opinion of tbe Court was delivered by
Wardlaw, J.
Many dicta may be found to sustain tbe proposition that administration granted of tbe goods of a living person is entirely void; (1 Wms. on Ex’rs, 461; 15 Sergt. & Rawl., 42; 5 Monroe, 46 ;) but all of these rest upon a dictum of Puller, J., in Allen vs. Dundas, 3 T. R., 129, and that, so far as I oan fmd, upon general principles and tbe unquestioned opinion prevailing in both tbe civil and tbe ecclesiastical Courts of England. It is rather strange, that, with tbe general application which has been made of the presumption of death from absence, unheard of for seven years, and especially in this láhd of migration, some case does not appear in the reports, where a person, who bad been presumed to be dead, reappeared to supersedehis administrator, A case, which I think is similar in principle, may be seen in 1 Phil., 83. There, Charles James Napier, Esquire, having in the Peninsular war of 1808, been left for dead on the field of battle, and been reported amongst the slain in the dispatches of Sir John Hope, his will was admitted to probate upon the affidavit of his brother; upon his return to England, the probate was revoked as granted in error, and was declared to be null and' void to all intents and purposes whatsoever in the law, and the original will with the cancelled probate was delivered to him.
The defendant in the case now before us distinguishes this case from that of Napier’s in three particulars, .which he deems important: — first, the action of the Ordinary there was not based, as here it was, on the presumption of death, — the legal presumption as the defendant calls it; second, there no right of an innocent purchaser intervened, as here it does; *573 third, there the probate was revoked, but here the grant of administration is yet subsisting.
I. The presumption may be of great antiquity and of frequent use, but still it is only a presumption of fact, to which artificial force has been given beyond its natural effect upon belief. There ate not, in reference to this subject, two kinds of death, as has been said at the bar, actual and presumptive, but two kinds of evidence, direct and circumstantial, which may be given of death. Upon whichsoever of the kinds of evidence the Ordinary acts, the fact of actual death is, by his grant of probate or of letters of administration, assumed to have been proved. When the assumption was founded on direct evidence, it seems to be conceded that undeniable disproof of it annuls the act of the Ordinary; for no one has ventured to maintain that a person should be deprived of any right, because in his temporary absence a witness, wilfully or through mistake, gave on oath a false account of his death, and thereupon there was speedy administration of his goods. The difference, if any, would not be in favor of this defendant, where the Ordinary should act, not on. the direct testimony of witnesses, but upon inferences drawn from such circumstances, shown by testimony, as these: • — the person whose death was to be established went to sea in a storm, fragments of the vessel he went in were found, and he was not heard of for six months afterwards. And it is only adopting evidence of death, which, however truthful-in the ordinary course of human affairs, is really less likely than the circumstances just mentioned to produce belief, when the Ordinary acts upon the presumption that arises from absence for seven years, unheard of. Many administrations have been granted on the presumption. Courts have made distribution in conformity with it; and it is urged that if the Ordinary had refused to act on it, he would have been compelled by a .higher tribunal to do so. This may be admitted, for by mandamus or order made upon appeal, the *574 Ordinary would be compelled in any case to act according to a just judgment of tbe evidence presented to bim, wbetber direct or presumptive. But bis action when performed under compulsion, would have no greater validity than if it bad been tbe voluntary result of bis own judgment. If, in tbe latter case, it would fall upon removal of tbe fact wbicb constituted its foundation, so it would do in tbe former one.
II. This defendant is really a purchaser not. from tbe administrator, but from one wbo, without other consideration than bis claims as next of kin, was permitted to succeed to the plaintiff’s rights: — and in no case does tbe plea of purchaser for valuable consideration without notice, of itself, avail at law, or even in Equity against a legal title. But in tbe most advantageous position wbicb under this bead tbe defendant could occupy, bis resistance of tbe plaintiff’s title would be ineffectual. It is true that in some instances of void probates or void grants of administration, a distinction is made between tbe wrongful executor or administrator, and his innocent alienee, in favor of tbe latter; (1 Wms. on Ex’rs, 490; Graysbrook vs. Fox, Plow., 276;) but this favor to tbe alienee is shown only where the act of alienation was done in due course of administration; and in reference to such act the wrongful executor or administrator and tbe alienee are put on the same footing as when alienation has been made by a more common executor de son tort. (1 Wms. on Ex’rs, 223; Coulter's case, 5 Co. R., 30; Parker vs. Kett, 1 Ld. Bay., 661.) Of tbe goods of a living person, there can, however, be no due course of administration; in their alienation, as if tbe owner were dead, there can be no executor de son tort, — no wrongful administrator, — nothing but unauthorized interference — at tbe very least misconception of fact inducing misapplication of terms, — when tbe truth appears, solecism and absurdity resulting in tortious violation of right, if the error be not corrected.
Tbe purchaser relied on a grant made by a Court of com *575 petent authority, and it is said that such grant is itself a conclusive confirmation of the presumption upon which it was made. It is plain, as was decided in the case of Newman vs. Jenkins, 10 Pick., 515, which has been cited for the defendant, that a debtor sued by the supposed administrator in the absence of the plaintiff, would not have been permitted, under the plea of the general issue, to urge circumstances for the purpose of showing that the supposed intestate was alive and the administration therefore void. But can it be said that the presumption of the death of the plaintiff, who is now standing in Court, has been conclusively confirmed? Answering no, the defendant insists that upon the presumption sanctioned by law, and the honest belief thereby induced, judicial action was had, and in faith of that his purchase made. The unlucky predicament of the purchaser is the same that every one falls into who relies upon the action of a public functionary in a matter not within his sphere. The mistake has been in supposing that there was any judicial action. The whole proceeding was coram nonjudice: for the Ordinary had no more power to grant administration of the goods of a living person, than a Sheriff would have to usurp the Ordinary’s jurisdiction over the goods of a deceased person. In granting probate of a forged will, or of a former will when the last one should prevail, or in granting letters to one in derogation of the rights of another, the Ordinary may err, but still he acts within his jurisdiction, and his grant is effective until it be revoked. The death of the person whose goods are in contest, is however an essential preliminary to the Ordinary’s action. Upon the fact of death, which is necessary to give jurisdiction, the Ordinary must exercise his judgment, and so must all who claim under the Ordinary’s assumption of the fact; for -the fact not existing, all that depended on it fails.
It has been argued that every inferior Court must necessarily judge of the facts essential to its own jurisdiction, and *576 that its judgment in favor of its jurisdiction is not liable to be elsewhere annulled by disproof of any such fact, the want of which does not appear on the face of its proceedings, although its proceedings might sometimes be restrained by prohibition. Reference has been made to our case of the State vs. Ben Scott, 1 Bail., 294. Before extreme conclusions should be drawn from that case, a careful consideration should be bestowed upon the cases of Mendyke vs. Stint, 2 Mod. 271, and Herbert vs. Cook, Willes, 36, note. But for present purposes it is enough to observe that Scott's case related to jurisdiction over the person, and to the effect of pleading to the jurisdiction and submitting to an overruling of the plea In reference to the Ordinary’s power over the goods of this living plaintiff, the want of jurisdiction respected the subject matter, not the person. No plea, nor waiver, nor submission of the plaintiff could have established the fact essential to jurisdiction, or have conferred jurisdiction. If under a citation said to have been in rein, all the world was present when the Ordinary made his grant, the existence in life of the plaintiff was destructive of the proceeding; his own assent to it would have been nugatory, and his plea or other act, by which jurisdiction over a person might be sustained, would necessarily have contradicted the fact which was indispensable to any exercise of the Ordinary’s authority.
Under a comparison of the several merits of these parties blame and laches have been imputed to the plaintiff for his long-continued neglect of his property and friends, by which others were misled. Of the reasons of the plaintiff’s conduct we are not informed. It is enough that he was under no legal obligation to stay where his property was, or to give information concerning himself when he was away. He encountered the risk of the statute of limitations, which, if his absence had been a little longer would have forever barred him. The case must be decided just as if he had been *577 immured in a dungeon, or otherwise, compelled to remain unheard of,,during bis long abence.
III. The' grant of administration having been made without jurisdiction, was entirely void as to all persons and for all purposes. No revocation of it was necessary, and for the plaintiff to have asked a revocation might have been said to imply his acknowledgment of its temporary validity.
This Court is satisfied with the instructions which were given to the jury, and is compelled to overrule all the grounds which have been taken for the defendant’s motion.
The motion is dismissed.
O’Neall, Withers, Whither,-Glover and Munro, JJ.s concurred.

Motion dismissed